■ SEIBERLING TIRE & RUBBER COMPANY DIVISION OF THE FIRESTONE TIRE & RUBBER COMPANY, Appellant, v. OLDRICH BLAZKA, Respondent.— Order entered July 10, 1967, unanimously modified to the extent of permitting plaintiff to move to amend the title of this action so as to name a proper plaintiff and to serve an amended complaint within 20 days after service upon it of a copy of the order entered herein, with notice of entry, and otherwise the order is affirmed with $50 costs and disbursements to defendant. The complaint herein has been dismissed on a finding that plaintiff does not have legal capacity to sue. Recovery was sought from defendant upon two guarantees allegedly executed by him. The first, dated November 9, 1964, ran to Seiberling Rubber Company (Seiberling Rubber). The second, dated May 19, 1965, was addressed

to The Seiberling Tire & Rubber Company (Seiberling Tire). Seiberling Rubber is a Delaware corporation authorized to do business in this State. Seiberling Tire is a corporation organized under the laws of Ohio but is not authorized to do business in this State. In December, 1964 Firestone Tire & Rubber Company (Firestone) purchased the tire business of Seiberling Rubber and in March, 1965 the corporate name of Seiberling Rubber was changed to Seilon, Inc. The decision before us for review was made upon affidavits and documentary evidence that present a confusing state of facts because of the apparent indiscriminate use by the three corporate entities of the names of Seiberling Rubber and Seiberling Tire. We agree with the conclusion implicit in the decision of Special Term that this action may not be maintained upon the facts here presented by Seiberling Tire as a " Division " of Firestone. We conclude, however, that in the exercise of a proper discretion plaintiff should be permitted to move at Special Term upon a proper factual showing for leave (1) to amend the title of the action to name a proper plaintiff and (2) to serve an amended complaint asserting such causes of action as the named plaintiff may have against defendant. Concur — Eager, J. P., Capozzoli, Tilzer, Rabin and Bastow, JJ.